**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Angel Alfonso LAZO, Defendant–
Appellant.**

**No. 06–40287
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 2, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, WIENER, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Angel Alfonso Lazo preserves for further review his contention that his sentence is unreasonable because this court's post-*Booker*** rulings have effectively reinstated the mandatory Sentencing Guideline regime condemned in *Booker.* Lazo concedes that his arguments are foreclosed by *United States v. Mares,* 402 F.3d 511 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. Lazo also preserves for further review his contention that his sentence is unreasonable because the illegal reentry guideline is unduly severe and because the absence of a "fast track" program creates an unwarranted sentencing disparity. Lazo concedes that these arguments are foreclosed by *United States v. Tzep–Mejia,* 461 F.3d 522, 527 (5th Cir. 2006), which held that "*Booker* does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy," and by *United States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir.2006), *petition for cert. filed,* (U.S. Nov. 13, 2006) (No. 06–7792), which held that the district court's refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable, respectively. Finally, Lazo raises arguments that are foreclosed by *Almendarez–Torres*

---

*v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

